UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT GRAHAM and TAMMY
GRAHAM, individually and as parents
and natural guardians of ALEXIS
GRAHAM and MCKENZIE
GRAHAM, and TAMMY GRAHAM as
legal guardian of ROBERT GRAHAM,

                        Plaintiffs,

-vs.-                                                    Case No.: 6:06-cv-948-Orl-19JGG

MEDTRONIC, INC., a foreign
corporation, MEDTRONIC
EMERGENCY RESPONSE SYSTEMS,
INC., f/k/a MEDTRONIC PHYSIO-
CONTROL CORPORATION, a foreign
corporation, and JOHN DOE,

                        Defendants.
_____

ORDER

        This case comes before the Court on the Answer/Motion to Dismiss Plaintiffs'

Amended Complaint, filed by Defendants Medtronic, Inc. and Medtronic Emergency

Response Systems, Inc. (collectively "Medtronic") on July 12, 2006.  (Doc. No. 4).

Background

        The instant dispute arises from the distribution and sale by Defendants of an

allegedly defective automated external defibrillator ("the device") which failed to administer

a sufficient electrical charge to Plaintiff Robert Graham, causing him injury.  On or about

February 19, 2005, Plaintiff Robert Graham suffered a heart attack while coaching a high

school basketball game.  (*See* Doc. No. 2, filed on July 12, 2006, at ¶ 20).  The Complaint

asserts that Officer John Hall of the Tavares Police Department attempted to revive Plaintiff

with the device, but the device allegedly failed to accurately detect his heart rhythm and as

a result failed to administer the electrical charge needed to restart his heart.  (*See id*. at ¶ 21-

22).  Plaintiffs assert that by the time a second, non-defective defibrillator was located and

used to successfully resuscitate Graham, he had suffered "catastrophic brain injury."  (*See

id.* at ¶ 23).  In March 2005, after the device had failed, Plaintiffs allege that Defendant

Medtronic Emergency Response Systems, Inc. issued a recall for a group of defibrillators

including the device in question.  (*See id.* at ¶ 24).

      Counts I and II of the Complaint assert respective claims for negligence against

Defendants Medtronic, Inc. and Medtronic Emergency Response Systems, Inc. (*See id.* at

pp. 6-12).  Count III of the Complaint asserts a negligence claim against "John Doe," a

Florida resident who is an  unknown "agent, representative and/or employee" of Medtronic

who participated in the distribution and/or sale of the device. (*See id.*, at pp. 12-13).  Counts

IV and V of the Complaint assert respective claims against Defendants Medtronic, Inc. and

Medtronic Emergency Response Systems, Inc. for strict products liability. (*See id.* at pp. 13-

18).  Lastly, Counts VI and VII of the Complaint allege claims for loss of consortium and

medical expenses.  (*See id*. at pp. 19-20).

      In its Motion to Dismiss, Medtronic seeks dismissal of a portion of Counts I and II

of the Complaint and dismissal of Count III in its entirety.  Medtronic argues that Counts I

and II erroneously assert a claim for "negligent failure to test," for which Florida law does

not recognize a cause of action.  In addition, it argues that Count III of the Complaint alleges

a broad claim against John Doe, which is also not permitted under Florida law.  (Doc. No. 4, pp. 7-9).

Although copies of Defendants' motion were mailed to Plaintiffs' counsel on July 12, 2006, Plaintiffs have not filed a brief in opposition as required under Local Rule 3.01(b). Failure to oppose the motion to dismiss raises an inference that there is no objection to such motion.  (*See* Doc. No. 4; Local Rule 3.01(b) ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed")).

## Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits.  *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## Analysis

### A.  Negligent Failure to Test

Counts I and II of the Complaint allege that Defendants Medtronic, Inc. (Count I) and Medtronic Emergency Response Systems, Inc. (Count II) are liable for, *inter alia*, "[f]ailing to exercise reasonable care regarding the inspection and testing of the [device], to ensure that

the Defective Device would function in a safe, effective, reliable, and consistent manner when used as intended, which is to defibrillate persons who have suffered cardiac arrest [...]." (*See* Doc. No. 4 at ¶¶ 27, 34).  Florida law does not recognize such a cause of action:

> The trial court correctly disposed of the claim for negligent failure to test. That count alleged that [the defendant] negligently failed to perform tests upon the Cu-7 to discover its defects and dangers. We agree with *Kociemba v. G.D. Searle & Co., Inc.*, 707 F.Supp. 1517 (D. Minn.1989), that a manufacturer's duty to inspect and test is not a separate cause of action. The duty to test, as that court concluded, is a subpart of a manufacturer's duty to design a product with reasonable care, and thus is subsumed in the plaintiffs' claims for defective design and failure to warn. 707 F.Supp. at 1527. We therefore affirm the summary judgment as to this claim.

*Adams v. G.D. Searle & Co., Inc.*, 576 So. 2d 728, 730-31 (Fla. 2d DCA 1991).  Thus, Counts I and II of the Complaint must be dismissed to the extent they attempt to assert a cause of action for negligent failure to inspect and test the device in question.

### B.  Claims against "John Doe"

Dismissal of Count III of the Complaint is unnecessary and premature at this point in time.  Although there are no federal statutes or procedural rules for the naming "John Doe" defendants in federal court proceedings, the practice has nonetheless been permitted where it appears the plaintiff is in need of the discovery process to obtain the proper name of the defendant.  *See, e.g., Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *Rosas v. Monroe County Tax Claim Bureau*, 323 B.R. 893, 902 (Banrk. M.D. Pa. 2004); *Plant v. Doe*, 19 F.Supp.2d 1316, 1319-20 (S.D. Fla. 1998).  In such cases, federal courts generally allow complaints asserting claims against a "John Doe" defendant to proceed into discovery, with the understanding that the complaint must be amended to substitute the name of the real party "as soon as the identity is known or reasonably should have been known or

in any event, before the close of discovery." *See Rosas*, 323 B.R. at 902 (quoting *Rodriguez v. City of Passaic*, 730 F.Supp. 1314, n. 7 (D. N.J. 1990).  However, if the plaintiff knows or reasonably should know the name of the real party and fails to timely amend the complaint, or if reasonable steps are not taken to learn the identity of the true party and add that party as a defendant, the claims against "John Doe" must be dismissed.  *See, e.g., Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34, 36 (E.D. Pa. 1990).

In the instant case, dismissal of Count III of the Complaint would be premature as discovery has not yet commenced and Medtronic does not allege that Plaintiffs know or should have known the proper name of "John Doe."  Thus, the Court will deny without prejudice to reassertion Medtronic's motion to dismiss Count III of the Complaint.

## Conclusion

Based on the foregoing, the Motion to Dismiss Plaintiffs' Amended Complaint is **GRANTED in part and DENIED in part**, in the following respects:  Counts I and II of the Complaint are hereby **DISMISSED** to the extent they attempt to state a cause of action for negligent failure to test.  The Motion is **DENIED** as to Count III of the Complaint.  Plaintiffs shall have leave to amend in conformance with this Order within ten (10) days from the date below.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _2nd__ day of August, 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record