UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT GRAHAM and TAMMY
GRAHAM, individually and as
parents and natural guardians of
ALEXIS GRAHAM and MCKENZIE
GRAHAM, and TAMMY GRAHAM
as legal guardian of ROBERT
GRAHAM,

          Plaintiffs,

-vs.-                                        Case No.:  6:06-cv-948-Orl-19JGG

MEDTRONIC, INC., a foreign
corporation, MEDTRONIC
EMERGENCY RESPONSE
SYSTEMS, INC., f/k/a MEDTRONIC
PHYSIO-CONTROL
CORPORATION, a foreign
corporation, JOHN DOE, CITY OF
TAVARES, TAVARES POLICE
DEPARTMENT, and TAVARES
FIRE-RESCUE DEPARTMENT,

          Defendants.
_____

**ORDER**

This case comes before the Court on the following:

1. Renewed Motion to Remand or, in the Alternative, Motion for Reconsideration, filed by Plaintiffs Robert Graham and Tammy Graham on August 17, 2006; (Doc. No. 23);

2. Response of Defendants Medtronic, Inc. and Medtronic Emergency

-1-

       Response Systems Inc. in Opposition to Renewed Motion to Remand or, in the Alternative, Motion for Reconsideration, filed by Defendants on September 5, 2006; (Doc. No. 31);

3. Reply to Defendants' Response in Opposition to Renewed Motion to Remand or, in the Alternative, Motion for Reconsideration, filed by Plaintiffs on September 22, 2006; (Doc. No. 39); and

4. Motion for Leave to File Supplemental Response to or in the Alternative, Oral Argument on Plaintiffs' Renewed Motion for Remand or, in the Alternative, Motion for Reconsideration, filed by Defendants on September 27, 2006. (Doc. No. 40).

**Background**

The instant diversity action arises from the distribution and sale by Defendants of an allegedly defective automated external defibrillator ("the device") which failed to administer a sufficient electrical charge to Plaintiff Robert Graham, causing him injury. On or about February 19, 2005, Plaintiff Robert Graham suffered a heart attack while coaching a high school basketball game. (*See* Doc. No. 35, filed on July 12, 2006, at ¶ 22). The Complaint asserts that Officer John Hall of the Tavares Police Department attempted to revive Plaintiff with the device, but the device allegedly failed to accurately detect his heart rhythm and as a result failed to administer the electrical charge needed to restart his heart. (*See id*. at ¶ 23-24). Plaintiffs assert that by the time a second, non-defective defibrillator was located and used to successfully resuscitate Graham, he had suffered "catastrophic brain injury." (*See id.* at ¶ 25). In March 2005, after the device had failed, Plaintiffs allege that Defendant

Medtronic Emergency Response Systems, Inc. issued a recall for a group of defibrillators including the device in question. (*See id.* at ¶ 25). As the matter currently before the Court involves the legal issue of remand, the Court will omit discussion of the remaining factual allegations of the Complaint.

On September 8, 2006, the Plaintiffs amended their Complaint to add three non-diverse Defendants: the City of Tavares, the Tavares Police Department, and the Tavares Fire-Rescue Department. (*See generally* Doc. No. 35). Defendants did not oppose Plaintiffs' Motion to amend the complaint; Counsel for Defendants did state, however, that he did not believe that amendment of the Complaint should result in a remand to state court. (*See* Doc. No. 20, ¶ 2). Now that several of the named Defendants are citizens of the state in which this action was instituted, Plaintiffs claim that this Court no longer has diversity jurisdiction over this case. Hence, Plaintiffs have filed the instant Motion to remand, arguing that the Court must remand the case to state court. (*See* Doc. No. 23, pp. 3-4).

Defendants oppose the Motion to Remand, arguing that the addition of the three new parties amounts to fraudulent joinder or that the three new Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 21. (*See generally* Doc. No. 31). Plaintiffs were permitted a reply brief, which argues that Defendants are incorrect on both grounds. (*See generally* Doc. No. 39).

**Standard of Review**

Where federal question jurisdiction or jurisdiction subject to a specific statutory grant does not exist, a federal district court generally must have diversity jurisdiction over a case or must remand the case to state court for want of subject matter jurisdiction. *See, e.g.,*

*Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, a court may deny joinder, or in the alternative permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). Additionally, removal statutes are construed narrowly, and all uncertainties are resolved in favor of remand to the state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

However, federal courts should disregard or dismiss any parties who have been fraudulently joined for the purpose of destroying diversity. *See Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1304-05 (11th Cir. 2001). If there is no basis for the assertion of liability against the resident defendant, a conclusion that such defendant was joined fraudulently is justified. However, if doubt exists whether a case of liability is stated, or "if there is doubt whether the allegations with respect to the resident defendant are false, as when that question depends upon the credibility of witnesses and the weight of the evidence, the joinder is not fraudulent." *See, e.g., Morris v. E.I. DuPont De Nemours & Co.*, 68 F.2d 788, 792 (8th Cir. 1934); *see also Wecker v. Nat'l Enameling & Stamping Co.,* 204 U.S. 176, 185 (1907). The removing party bears a "heavy burden" of demonstrating fraudulent joinder by clear and convincing evidence. *See, e.g., Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Additionally, in addressing the issue of fraudulent joinder, the Court should resolve all questions of fact and controlling law in favor of the plaintiff and may consider any submitted affidavits and/or deposition transcripts. *Id.* (internal citation omitted).

**Analysis**

**A. Request to File Response or Request for Oral Argument**

Defendants request the Court to permit it to file a supplemental response to the Plaintiffs' Reply to Defendants' Memorandum in Opposition to the Motion to Remand, or in the alternative to permit oral argument. (*See* Doc. No. 40). No newly discovered evidence or new basis for allowing a response to the reply was presented by Defendants. After reviewing the record, the Court determines that further argument is not necessary to determine a resolution to the issues set forth in the Motion. Thus, Defendants' request, (Doc. No. 40), is denied.

**B. Fraudulent Joinder**

It is undisputed that Plaintiffs and the Medtronic Defendants are citizens of different states and that the amount in controversy exceeds $75,000. It is also undisputed that no statute of the United States Code confers federal question jurisdiction on the Court to hear this case. Thus, the precise question to be resolved is whether the addition of the Tavares Defendants can defeat federal diversity jurisdiction.

In the instant case, the burden falls on the Defendants to prove either that 1) there is no possibility the Plaintiffs can establish a cause of action against the resident Defendants, or 2) Plaintiffs have fraudulently pled jurisdictional facts in order to bring the resident Defendants into the instant case. *See, e.g., Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Defendants argue the first prong of the test and offer three arguments why there is no possibility that Plaintiffs can establish a cause of action against the Tavares Defendants. First, Defendants argue that Plaintiffs have failed to comply with the necessary

statutory requirements for filing a lawsuit against the City of Tavares and thus their claim is barred under Florida law. Secondly, Defendants argue that the Tavares Police Department and the Tavares Fire-Rescue Department are not legal entities which are subject to suit. Lastly, Defendants argue that the Third Amended Complaint fails to allege facts which create a colorable cause of action against any of the three Tavares Defendants. (*See* Doc. No. 31, pp. 7-14). After reviewing the motions, evidence presented, and the totality of the circumstances, the Court finds that Defendants' arguments are not well taken.

Defendants' fraudulent joinder argument first fails because the United States Court of Appeals for the Eleventh Circuit has not extended the doctrine of fraudulent joinder to apply to the post-removal addition of resident defendants. Although the Eleventh Circuit has not specifically stated that the doctrine of fraudulent joinder does not apply in the instant situation, it has traditionally been hesitant to find fraudulent joinder in any situation.[1] In addition, several of the other Circuits which have addressed the issue have specifically held that fraudulent joinder cannot be found in situations similar to the one presented here.[2]

---

[1]  *See, e.g., Cabalceta*, 883 F.2d at 1561; *Crowe*, 113 F.3d at 1538 (characterizing the burden on the party seeking to prove fraudulent joinder as "heavy"); *see also Johnston Indus., Inc. v. Milliken & Co.*, 45 F.Supp.2d 1308, 1311-14 (M.D. Ala. 1999) (recognizing the heavy burden imposed by the Eleventh Circuit and, in denying to extend the fraudulent joinder doctrine to joinder of plaintiffs, noting that the parties and the Court could not find a single Eleventh Circuit case holding that a plaintiff had been fraudulently joined).

[2]  *See, e.g., Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (noting that the Fifth Circuit holds that post-removal joinder of non-diverse defendants always requires demand); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999) (holding that fraudulent joinder doctrine does not apply to joinders that occur after an action is removed, and that this rule "makes sense," because, *inter alia*, defendants have an opportunity to argue against joinder before the court grants leave to amend); *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999)

Further, the United States Court of Appeals for the Fifth Circuit has suggested in dicta[3] that fraudulent joinder should be determined solely at the time of removal.[4] Based on the foregoing, it is likely that were the Eleventh Circuit to reach the issue, it would align itself with the position taken by Fifth Circuit in *Cobb* to the effect that the doctrine of fraudulent joinder "simply does not apply to defendants ... joined after an action is removed, for in such cases, the defendants have a chance to argue against joinder before the court grants leave to amend." *See Cobb,* 186 F.3d at 678.

In addition, even if a fraudulent joinder analysis were applied to the instant case, the Defendants have not met their burden of demonstrating fraudulent joinder with respect to the City of Tavares. Defendants argue that Plaintiffs cannot establish even a colorable claim against the City of Tavares because Plaintiffs have failed to comply with the necessary statutory requirements for filing a lawsuit against the City and because Plaintiffs cannot establish duty, proximate cause, or breach in their negligence claim. (*See* Doc. No. 31-1, pp.

---

(agreeing with *Cobb* that the doctrine does not directly apply after removal); *see also Gum v. General Elec. Co.*, 5 F.Supp.2d 412, 415 (S.D. W.Va. 1998); *Harrell v. Pineland Plantation, Ltd.*, 914 F.Supp. 119, 120 (D. S.C. 1996).

[3] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[4] *See Keating v. Shell Chem. Co.*, 610 F.2d 328 (5th Cir.1980); *Tedder v. F.M.C. Corp.*, 590 F.2d 115 (5th Cir.1979); *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899 (5th Cir.1975); *Jett v. Zink*, 474 F.2d 149 (5th Cir.1973); *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172 (5th Cir.1968); *Jett v. Zink*, 362 F.2d 723 (5th Cir.1966); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir.1962); *Covington v. Indemnity Ins. Co. of N. Am.*, 251 F.2d 930 (5th Cir.1958); *Finn v. American Fire & Cas. Co.*, 207 F.2d 113 (5th Cir.1953); *Dudley v. Community Pub. Serv. Co.*, 108 F.2d 119 (5th Cir.1939).

7-10, 11-14). These arguments are not well taken.

Pursuant to Section 768.28, Florida Statutes, an action may not be instituted on a claim against a subdivision of the State of Florida, such as a municipality, unless the claimant presents the claim in writing to the appropriate subdivision and the subdivision either denies the claim in writing or take no action within six months. *See* F.S.A. § 768.28(6). While Plaintiffs do not dispute that their notice of suit was not filed until July 27, 2006, such fact is not sufficient to demonstrate by clear and convincing evidence that Plaintiffs have no chance of establishing a negligence claim against the City of Tavares. First, such claim is based on a statutory right, and dismissal can occur for failure to comply with the statutory notice provision only by the assertion of such right by the agency. Furthermore, the failure to satisfy the requirements of the statute is "neither jurisdictional nor an essential element of the cause of action," and thus may be waived by the state agency, subject to principles of estoppel and mootness, or cured before trial. *See McSwain v. Dussia*, 499 So. 2d 868, 870-71 (Fla. 1st DCA 1986); *see also Hattaway v. McMillan*, 903 F.2d 1440, 1448-49 (11th Cir. 1990); *Farabee v. Rider*, 995 F.Supp. 1398, 1404 (M.D. Fla. 1998).

Secondly, Defendants have not met their burden of proving by clear and convincing evidence that Plaintiffs have no colorable negligence claim against the City of Tavares. In Florida, negligence consists of a duty of care owed by the defendant to the plaintiff, a breach of that duty, proof that the breach was the cause of an injury to the plaintiff, and proximately caused damages. *See Eppler v. Tarmac America, Inc.*, 752 So. 2d 592, 594 (Fla. 2000). In the Complaint, Plaintiffs allege that the City of Tavares knew there was a reasonable

probability that the device would fail to deliver an appropriate electric charge, had a duty to remove the device from use by emergency personnel, failed to remove the device from use, and as a proximate result, Plaintiff Robert Graham suffered brain injury.  (*See* Doc. No. 35, pp. 14-15).

It is clear from Florida case law that one who undertakes, gratuitously or for consideration, to render services to another which he or she should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform the undertaking, if a) the failure to exercise such care increases the risk of harm; b) he has undertaken to perform a duty owed by the other to the third person; or c) harm is suffered because of reliance of the other or the third person upon the undertaking.  *See, e.g., Hill v. U.S. Fidelity & Guaranty Co.*, 428 F.2d 112, 115 (5th Cir. 1970); *Johnson v. Aetna Cas. & Sur. Co.*, 348 F.Supp. 627, 629 (M.D. Fla. 1972) (quoting Restatement (Second) of Torts § 324A).  It is likewise clear that Plaintiffs have a colorable claim that the failure to remove the allegedly defective device, the lack of a competent device, or the subsequent use of the allegedly known defective device proximately caused injury to Robert Graham.

The final remaining question is whether Plaintiffs have a colorable claim that the City of Tavares breached its duty to Robert Graham.  Defendants argue that Robert Graham would be in the same position today if the City of Tavares had removed the allegedly defective device from use because the responding officer would not have had any device to use.  This argument is pure speculation and is not supported by any evidence currently in the record.  Secondly, Defendants claim that the device in question did work properly.

However, Plaintiffs have produced a sworn affidavit of Dr. Kevin Thoni who states that in his professional opinion, the device did not transmit an electrical current to Robert Graham. (*See* Doc. No. 39-3). In short, the instant case is one where the allegations with respect to the resident Defendant depend upon the credibility of witnesses and the weight of the evidence, thus demonstrating that joinder is not fraudulent. *See, e.g., Morris*, 68 F.2d at 792.

Thus, the Court finds no fraudulent joinder in the instant case.[5]

### C. Federal Rule of Civil Procedure 21

Having found that fraudulent joinder is both inapplicable and not present in the instant case, the Court finds there is no principled basis to dismiss the non-resident Defendants under Rule 21. Therefore, the Court will grant the Plaintiffs' Motion to remand the instant case to state court.

### Conclusion

Based on the foregoing, the Renewed Motion to Remand or, in the Alternative, Motion for Reconsideration, filed by Plaintiffs Robert Graham and Tammy Graham on August 17, 2006, (Doc. No. 23), is **GRANTED** as to remand. The Motion for Leave to File Supplemental Response to or in the Alternative, Oral Argument on Plaintiffs' Renewed Motion, (Doc. No. 40), is **DENIED**. The Clerk of Court is hereby directed to remand the instant case to the Ninth Judicial Circuit in and for Orange County, Florida.

---

[5] As the Court finds that the doctrine of fraudulent joinder is inapplicable in the instant case and that Defendants have not established by clear and convincing evidence that Plaintiffs have no colorable claim against the City of Tavares, (*see supra* Section A of the Court's opinion), it is not necessary for the Court to address Defendants' additional arguments that Plaintiffs have no colorable claim against the Tavares Police Department and the Tavares Fire-Rescue Department.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 4th day of October, 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Clerk of Court